May it please the Court, I am Jane McClellan from the Federal Public Defender's Office and I am here on behalf of the appellant, Boyd Bylas. I'd like to begin by addressing a few of the matters that were addressed in the supplemental brief. As I stated, I think now the standard of review has changed as to some of the matters to be reviewed. I think that whether the reasons, whether the upward departure was justified under the facts of that case should be reviewed de novo, where formerly I think under Coon it would have been reviewed for an abuse of discretion. I think this Court also has to review whether the factors advance the objectives under the sentencing guidelines. Even if the extent of the departure is reviewed for an abuse of discretion as the government has stated, I don't think in this case it makes any difference whether it's reviewed for an abuse of discretion or under a de novo standard because the extent of the departure was clearly so unreasonable and not justified or explained by the court, by the district court, that I think that it must be reversed at the very least because of the extent of the departure. Counsel, is there anything in the new statute, assuming that we agree that it applies here, that changes the district court's obligation to explain the extent of a departure? I think even under the existing law that there was an obligation of the court to explain with sufficient specificity the reasons for the extent of the departure so that it can be reviewed on appeal. There may be a somewhat higher standard of the specificity that needs to be expressed, and it does need to be more explicitly expressed, I think, in the written statement of reasons and also in the judgment. And before, I think if it was just on the record during the sentencing hearing, that would have been sufficient. But now I think it does need to be written. I think even before, though, that there definitely was a requirement that it be sufficiently specific that this Court can review those findings. I think on remand that the procedure is also going to be different under the new statute. I think that the court can only, the district court could only upward depart on remand based on any factor that this Court found was a permissible basis for an upward departure. Counsel, in reading that provision of the PROTECT Act, do you believe that the language in the Act requires us to go through and approve all permissible grounds of departure upward or downward that we would think were appropriate in this case, even if they're not the two specific grounds that were raised in this appeal? No, I don't believe so. I think that the first part of the statute on the remand says that the reasons for the upward departure had to be stated in the written statement of reasons. So I don't think that this Court needs to go through and review every possible basis for an upward or downward departure. If, for instance, this Court found that there was some basis for an upward departure that Judge Strand did not cite. The language in the statute is less than clear on this point. It seems to me there would be a hypothetical case where the court of appeals did not explicitly approve a ground of departure upon remand, but it's otherwise an express permissible ground of departure set forth in the guidelines. Under that circumstance, would the district court be precluded on remand from considering that basis of departure? As I stated, I think that the district court is limited to any basis for departure that it previously stated in the original sentencing. The new statute says that the court shall not impose a sentence outside the guideline range except upon a ground that was specifically and affirmatively included in its written statement of reasons in connection with the previous sentencing and was held by the court of appeals on remand to be a permissible ground. How does that rule square with our default position expressed in the Matthews case that when there's a remand for resentencing, unless we specify otherwise, the district court is permitted to reopen the sentencing proceedings and take additional evidence or do whatever else the district court deems appropriate? Will that kind of a default position survive under this new statute, and if so, in what form? Well, it appears under the new statute that that was something they were trying to change, that in essence you don't get a second bite at the apple. You only have this at the initial proceeding. The basis for upward or downward departures have to be set forth, and if the court does not find those at the original proceeding, you can't go back and try to get another shot at it on a different basis for a downward departure. But what about additional proceedings with respect to the grounds that were specified in the written reasons? I don't see that there would be any change in that respect. The statute doesn't change that, so I would think that the existing law would apply. So if we wanted to present further evidence in support of a downward departure, if the government – well, that's not applicable in this case, but if the government wanted to apply – to put on more evidence to support its upward departure, it appears to me that they would be able to do that. I just don't think you can come up with a new basis for a departure based on that amendment to the statute. So really the control is with the district court in the first – in the new statutory regime. The control is with the district court. It identifies the bases, accepts or rejects them. That goes on appeal. And then the appellate court looks only to those issues that are on appeal that have been raised before us, because, of course, we're bound by what's raised by the parties, to consider we might reverse or affirm on any one of these grounds that we can't even raise a new ground or are precluded from raising a new ground. And then it goes back, and we're back to the original grounds as accepted or rejected by the court of appeals. And new evidence can come in, but no new grounds, which puts an incredible burden, of course, on the lawyers and the judge at the first instance to identify all possible grounds. But that is your understanding of the new statutory scheme. That would be my understanding, and that would be in line with the purported purpose of the statute to limit departures. So they're going to do that. But it won't really. And in practical effect, what you'll now have is all the defense counsel and the prosecutors broadening what they're litigating so they don't miss one in case one goes up on appeal. I mean, I don't – well, not every statute has its intended effect. That's true. I'll reserve my last minute. Yes, you may do that. Thank you. We'll hear from the government next. Joan Rufinoff. Good morning. Joan Rufinoff from the District of Arizona appearing on behalf of the United States. Would the Court like me to address the changes in the statute first? Because I believe that with regard to what the district court should consider on remand is actually a premature issue for this court, because it should be considered in the first instance by the district court if there is a remand. But I would submit that in this case there's no necessity for a remand because the upward departure was explained by the district court. The court gave specific reasons. The court specifically included the factual basis that was provided in plea agreement, the offense conduct that was included in the pre-sentence report, the factual basis provided in the government's motion for upward departure, and in addition the testimony of both the sister of the victim and the investigating FBI agent. So what is your view of the district court's explanation or lack thereof for the extent of the departure? I mean, what you've argued really is that there's evidence. The evidence is sufficient. But what about the explanation regarding the extent? I think that in looking at the factors provided by the district court and the district court's concluding remarks when it imposed sentence, that the court did in fact explain that it was departing upward to the extent that it did because there was a pattern of escalating violence by this defendant against this victim. And that is supported by the testimony of the victim's sister, who testified that there were repeated assaults against the victim, that those repeated assaults almost always involved a striking of the left side of the victim's face such that she would not even have healed from one injury before another one was inflicted. And I think that it was that testimony that moved the court because the court explained that it was to protect society, and I think in this case particularly this victim, from the defendant. So I would submit that there were in fact reasons given by the district court. He didn't specifically – well, I'd submit that he did in fact say – They actually – okay. Go back. The court was looking at pages – actually pages 58 through 62 are where the court is giving its reasons for imposing sentence. Well, as I read that, it is a catalog of what happened. It's some findings of historical fact. Absolutely. It has some comments that are very serious but conclusory, saying this is otherwise I wouldn't be able to impose the appropriate sentence, but it doesn't really – I don't know. I guess it didn't tie in very well to me to the specific amount. I'll just say that. It has some general comments about the seriousness of the conduct and so forth, but that those comments could support several different sentences. I'd also submit that at page 65, it was after the court had imposed sentence, but the court did say it should be noted – and this is basically the second paragraph, third paragraph down. It should further be noted the defendant has over the last five years repeatedly assaulted his victim in a variety of ways that have been referred to earlier in this matter and other ways that have not been part of the sentencing process. And I'd suggest to the court that what the interpretation of that is, he's noting all of the previous assaults, but again saying, but I haven't taken all of those assaults into account because I agreed not to when I imposed sentence. But they can be – they're not considered for the acts themselves, but simply to establish that there was a pattern and practice by the defendant. And it was that pattern and practice that caused the court to increase the sentence and to sentence as he did with an upward departure. Counsel, I'd like to return to your suggestion that the – that it's not appropriate for this court to consider the Protect Act in the first instance and thought it ought to be considered by the district court. If we were not to construe the Protect Act, but were to leave that to the district court and the district court were then to conclude that the law means what it says and that the district court cannot consider any grounds not specifically remanded to it, then this court could only affirm that or reverse that as a matter of law, couldn't it? And if we agreed with the district court, then we would have precluded the district court by our failure to discuss any other grounds that the district court might have taken into account. Doesn't that cut against your interest? I have a two-part response to that. The first is I believe that with regard to the Protect Act, certain portions of it certainly apply today to this court. I believe that Section G regarding remand is what may not apply today because that's – it's specifically directed at the district court saying the court shall not impose a sentence outside the applicable guideline range except upon a ground that A, was specifically and affirmatively included in the written statement of reasons and B, was held by the court of appeals in remanding the case to be a permissible ground of departure. So I think this court can certainly say whether it agrees or disagrees with the district court as the record stands on the grounds of departure that were offered. But I'd submit that the district court in the first instance will be the one to determine what was in its statement of reasons because there is, I believe, an argument here that the district court did not adequately preserve both grounds for upward departure in its statement of reasons. And I would disagree with that position because in this case, the district court specifically adopted the motion for upward departure as the reasons for the upward departure in this case. And as the court is aware, in other cases under the guidelines where the district court is specifically required to expressly set forth findings, such as in drug cases where they must set forth specific findings, the district court is permitted to do that by adopting either the pre-sentence report or some other pleading that sets forth reasons that the court is adopting. And I would submit that in this case, that it's appropriate for the district court to have adopted the reasons for the departure set forth in the government's motion for upward departure, that there were two specific grounds that were identified in that motion, both the extreme conduct and the defendant's, the inadequacy of his criminal history category, and that the district court should be permitted to address both of those. Counsel, let's suppose that we thought that one of those two grounds was clearly infirm, and so without reaching the second ground, we remanded it to the district court. The district court then under G would only be able to consider the ground on which we remanded and not the other ground on which it had previously made a determination which this court didn't review. Wouldn't you then be limited on appeal? Not necessarily, because this court would not have spoken to it, and the district court would then be free to say that this court viewed a particular ground as being firm or infirm and didn't address the other ground that was mentioned. And when it comes back to the district court, the district court goes back and says, in my initial statement of reasons, the reasons that I gave were A and B. The court of appeals discussed only A and found that it was either permissible or impermissible. Therefore, if the court of appeals finds a ground impermissible, I'd submit that in that case you're correct, that the district court could not go forward on that ground. But certainly if there's a ground that's not addressed by this court and you find only with regard to one, that the district court is free to address those remaining  implicitly, you have agreed with opposing counsel that on remand, the issues are at least limited to the ones initially identified by the district court before the appeal. Correct. I want to make that explicit on your part. You agree that that is the case? Yes, I agree. Okay. Can I just clarify what I think? I just want to understand what your response was to Judge Bybee's question. On the basis of this record, it appears that he may have, there may be grounds to depart upward to the same extent, but that this district court didn't articulate them and articulate a logical nexus between the facts in the record and the basis for the departure. In that case, what I hear you asking is that we say that there's insufficient reasons for the departure based on underrepresentation of the criminal category, but that given what his initial statement was, there may be sufficient reasons based, if he articulated it well, for the extent of the departure that he actually did give. That's what you're trying to say. You're saying we shouldn't be tying his hands on appeal, given the ambiguity of some of his basis. Right. I see my time is almost up, but I would suggest that specifically with regard to this case, the court identified two bases for departure. There's some uncertainty as to whether or not on the adequacy of criminal history grounds the court, in fact, departed on that ground or just recognized it as a possible ground for departure. I'd submit that under the facts of this case, both grounds are permissible grounds. They may not have been explained as they should have been. There may not have been a departure as it should have technically been done, but that doesn't change the fact that the grounds themselves are permissible grounds, and they could be adequately explained under the facts and circumstances of this case and justified as grounds for departure. So I would submit that both grounds would be allowed under a remand. Does that give you other questions? No, that clarifies what you said. Thank you very much. And, Ms. McClellan, you have some rebuttal time remaining. Your Honors, I wanted to make clear that, as we were discussing on remand, that the court would be limited to any grounds that this court found were permissible. It should be made clear that as to count four, the district court found that there were two possible, there were two grounds for departure, the underrepresentation of criminal history and the extreme conduct. But as to count seven, the other assault case, the other assault charge, that the only ground that he found for upward departure was the underrepresentation of criminal history. And the court refers in its written statement of reasons to the government's motion for upward departure, and it very clearly sets forth in the first section upward departure pursuant to 5K2.8 extreme conduct, count four, and then in the criminal history as to counts four and seven. So on remand, the district court cannot consider, for instance, extreme conduct as a basis for an upward departure on count seven. And that is part of what is so clearly erroneous about the way that the upward departure was done in this case. The government has tried to argue that it's really all just a departure for extreme conduct, but there were absolutely no findings of extreme conduct as to count seven, and there's no way the court could have gotten to the extreme sentence of 16 years that it got to without upward departing on both cases, as to both counts. And I would submit that even with under any findings that this the district court can make, that this sentence is just clearly on its face, out of bounds, and not in line with the guidelines, with the objectives of the guidelines, or any kind of guided discretion that the guidelines have tried to put forth. Thank you. Thank you, counsel. The case just argued is submitted.
judges: Graber, Wardlaw, Bybee